IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>     Plaintiff,<br><br>     v.<br><br>**ORACLE AMERICA, INC.,**<br><br>     Defendant. | **CIVIL ACTION NO.: 4:19-cv-135**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Oracle America, Inc. ("Oracle" or "Defendant").

**PARTIES**

2.      Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3.      Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway Redwood City, CA 94065. Oracle also maintains a regional office in the Eastern District of Texas – located at 7460 Warren Pkwy, Frisco, TX 75034. Defendant's Registered Agent for service of process in Texas, which is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has established offices in Frisco, Texas – within the Eastern District of Texas.





8. Defendant has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas. Upon information and belief, operations at Defendant's Frisco location include sales, marketing and/or business development for Defendant's infringing instrumentalities.

9. Defendant's office in Frisco, Texas is a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) at the Defendant's regional office within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, and software as a service (SaaS) or platform as a service (PaaS) for managing, analyzing and interrogating networked resources – including, but not limited to, Oracle's Oracle Analytics Cloud, Exadata Cloud, Database Cloud, Data Visualization, and Essbase software systems ("Oracle Network Software").

12. Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to devices and systems for managing, analyzing and interrogating networked resources – including but not limited to, Oracle's Exadata Database Machine, Database Appliance, Big Data Appliance, Exalogic Elastic Cloud, SuperCluster, MiniCluster, Private Cloud Appliance, x86

Server Systems, SPARC Server Systems, and Infrastructure Systems ("Oracle Network Devices").

13. The Oracle Network Devices are components that are communicably coupled to, and provide access to, a plurality of networked data, communication, information, and application resources ("Network Resources").

14. Together, Oracle Network Software and Oracle Network Devices communicatively and operationally couple to a variety of Network Resources – forming a cohesive Oracle network communication system ("Oracle System").



15. These Oracle Systems are the infringing instrumentalities.

16. Oracle Systems provide a variety of user interfaces. For example, the user interface for Oracle's Data Visualization is shown below:



17. Oracle Systems provide end users access to variety of Network Resources, listed and/or cataloged for the user:



18. Via the user interface, an end user enters a transaction request – defined or characterized by a number of contextual elements:



19.     Oracle Systems thus generate and process transaction requests for access to particular Network Resources.

20.     Oracle Systems process the transaction request, select one or more responsive resources, and deliver access to a responsive resource through a user interface:



21.     Plaintiff herein restates and incorporates by reference paragraphs 11 – 20, above.

22.     All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present on or within Oracle Systems.

23.     Oracle Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

24.     Oracle Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

25.     Oracle Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

26.     In the alternative, Oracle Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. Oracle Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Oracle Systems and the claims of the '730 Patent are insubstantial.

27. Oracle Systems require end users to operate Oracle Systems in a manner prescribed and controlled by Oracle. Oracle therefore exercises control and/or direction over the performance of every action performed on or by an Oracle System, including those that are initiated by an end user via the user interface.

28. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, Oracle Systems or, in the alternative, performed by end users of Oracle Systems under the direction and control of Oracle – and are therefore attributable to Oracle.

29. In the alternative, therefore, Oracle Systems infringe – indirectly – claims 1, 15, and 17 of the '730 Patent, by virtue of Oracle's exclusive control and direction of the infringing instrumentalities and/or operations.

30. Oracle Systems, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and Oracle is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

  e.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

  f.  Any and all other relief to which Plaintiff may show itself to be entitled.

February 25, 2019        Respectfully Submitted,

              By: /s/ *Ronald W. Burns*

                Ronald W. Burns (*Lead Counsel*)
                Texas State Bar No. 24031903
                RWBurns & Co., PLLC
                5999 Custer Road, Suite 110-507
                Frisco, Texas 75035
                972-632-9009
                rburns@burnsiplaw.com

                **ATTORNEY FOR PLAINTIFF**
                **AKOLOUTHEO, LLC**